# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 1:05-CR-0157 |
| v. : | (Judge Conner) |
| KWAME DWUMAAH, : | |
| Defendant : | |

## MEMORANDUM

Presently before the court is a petition for a writ of error *coram nobis* (Doc. 114) filed by *pro se* petitioner Kwame Dwumaah ("Dwumaah"). Dwumaah has fully served his sentence and now seeks to vacate his conviction to avoid deportation. For the reasons set forth below, the court will grant an evidentiary hearing.

## I. Background and Procedural History

Dwumaah was born in 1960 in Ghana, Africa. (Doc. 1 ¶ 1). On December 9, 1989, Dwumaah entered the United States on a non-immigrant Visa, and remained in the country illegally after his Visa expired. (Doc. 94–2, at 3–4). From 1997 to 2001, Dwumaah enrolled in classes at the Community College of Philadelphia and Villanova University, obtaining a nursing degree. (Id. at 4). Dwumaah, using the alias "Simon Dwumaah," obtained student loans from the federal government to help finance this degree. (Id.)

On or about December 31, 1998, Dwumaah married a United States citizen, and in April, 1999 he applied to the United States Immigration and Naturalization Service ("INS") for Permanent Resident status. (Id.) In December, 1999, the INS

granted Dwumaah Conditional Permanent Residency status based upon his marriage. (Id. at 4; Doc. 1 ¶ 19).

In June 2004, the United States Department of Homeland Security ("DHS") determined that Dwumaah's marriage was fraudulent. (Doc. 94–2, at 4). The DHS filed a Notice to Appear against Dwumaah, initiating proceedings in November, 2004, to remove Dwumaah from the country pursuant to 8 U.S.C. § 1227(a)(1)(D)(I). (Id.) On April 27, 2005, a federal grand jury sitting in the Middle District of Pennsylvania returned a twenty-eight count indictment charging Dwumaah with fifteen counts of Mail Fraud in violation of 18 U.S.C. § 1343, and thirteen counts of Higher Education Resources Fraud in violation of 20 U.S.C. § 1097(a). (Id.; Doc. 1).

Dwumaah initially pled not guilty to all counts on May 17, 2005, but subsequently entered into a plea agreement in July 2005. (Doc. 14; Doc. 28). On August 30, 2005, Dwumaah pled guilty to one count of Theft of Public Monies in violation of 18 U.S.C. § 641. (Doc. 33; Doc. 37). On January 19, 2006, the court sentenced Dwumaah to imprisonment for a term of five months and supervised release for a term of one year. (Doc. 43). The court also ordered Dwumaah to pay $75,192 in restitution. (Id.)

Following Dwumaah's guilty plea, the DHS amended its Notice to Appear to include additional grounds for removal, including a false claim of United States citizenship, thereby rendering Dwumaah removable under 8 U.S.C. § 1227(a)(3)(D). (Id. at 5). Ultimately, an immigration judge determined that Dwumaah *was not* removable under the government's original charge (fraudulent marriage) but *was*

removable under the amended charge of falsely claiming United States citizenship. (Id.) Although the immigration judge noted that Dwumaah's guilty plea did not necessarily establish Dwumaah as removable for falsely claiming United States citizenship, the plea appears to be the chief piece of circumstantial evidence used in the case against Dwumaah. See In re Kwame Dwvmaah, File AO 75 462 772, 2010 WL 1975978 at *1 (B.I.A. Apr. 29, 2010).

On September 18, 2007, Dwumaah filed a petition for a writ of error *coram nobis*, alleging that counsel did not fully inform him of the deportation consequences of his plea. (Doc. 71). The court subsequently issued an order denying the petition on procedural grounds, as Dwumaah was still in Federal Custody and therefore the proper vehicle to attack his conviction was not a petition for a writ of error *coram nobis* but a motion to vacate judgment under 28 U.S.C. § 2255.[1] (Doc. 79). Pursuant to this order, on February 26, 2007, Dwumaah filed a § 2255 motion to vacate judgment. (Doc. 84). In that motion, Dwumaah once again alleged ineffective assistance of counsel, but only vaguely, stating that "his attorney did not advise him about his not guilty plea but gave him wrong information that led him to plead guilty." (Id. ¶ 11). This court denied Dwumaah's § 2255 motion on December 5, 2007. (Doc. 93).

---

[1] Although Dwumaah was no longer in prison when he filed his September 18, 2007 motion, he was still under supervised release. (Doc. 79). Supervised release qualifies as custody for the purposes of 28 U.S.C. § 2255. United States v. Dent, 135 F. App'x 532, 534 (3d Cir. 2005).

3

On April 23, 2010, Dwumaah filed a second § 2255 motion to vacate, asking the court to reconsider his conviction in light of the Supreme Court's ruling in Padilla v. Kentucky, --- U.S. ---, 130 S.Ct. 1473 (2010), decided on March 31, 2010. (Doc. 94). In this second § 2255 motion, Dwumaah elaborated on his earlier claims of ineffective assistance of counsel, stating that his counsel "misinformed him that if he pled guilty to theft of public monies he would not be deported. . . [t]o Dwumaah['s] surprise[] he is [being] removed under [8 U.S.C. § 1227(a)(3)(D)]." (Id. at 1).

On June 2, 2010, the court denied Dwumaah's motion, noting that a § 2255 motion to vacate was inappropriate as Dwumaah had already filed such a motion and was no longer in custody. (Doc. 100). The court further stated that, even in light of Padilla, which affirmatively established that an attorney's failure to inform his client of likely deportation consequences of a guilty plea satisfies the first prong of the Strickland test for an ineffective assistance of counsel claim, the second prong of the Strickland test was not satisfied, because Dwumaah could not show that he would have been acquitted had he gone to trial rather than plead guilty. (Id.); see Padilla, --- U.S. at ---, 130 S.Ct. at 1478; see also Strickland v. Washington, 466 U.S. 668 (1984). The court's determination was made under the standard articulated in United States v. Nino, 878 F.2d 101, 105 (3d Cir. 1989). Finally, the court noted that Dwumaah's only remaining remedy for bringing an ineffective assistance of counsel claim was a petition for a writ of error *coram nobis*, but

4

cautioned that such a writ would only be granted in extraordinary cases. (Doc. 100, at 2 n.3); see United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988).

On September 6, 2011, Dwumaah filed the instant motion (Doc. 114), a petition for a writ of error *coram nobis*, seeking to vacate his sentence in light of both Padilla and the June 29, 2011 decision of the United States Court of Appeals for the Third Circuit in United States v. Orocio, 645 F.3d 630 (3d. Cir. 2011). Orocio abrogated the Third Circuit's previous holding in Nino and, according to Dwumaah, alters the analysis of the second prong of the Strickland test in the present case. (Doc. 114); see Orocio, 645 F.3d at 644. Dwumaah filed an Affidavit (Doc. 115) in support of his petition on November 14, 2011. (Doc. 115).

## II.    **Legal Standard**

A writ of error *coram nobis* is available to a criminal defendant no longer in custody as a means by which to attack his conviction and obtain relief therefrom, including "vacating the conviction." Cabrera v. United States, Civ. No. 10-2713, 2011 WL 2784419, at *1 (D. N.J. July 12, 2011). If a petitioner for a writ of error *coram nobis* can successfully establish a ground for a claim for relief, the court will hold an evidentiary hearing to establish the truth of the petitioner's allegations. Id. at *3. To attain a writ of error *coram nobis*, "[a] petitioner must show: (1) a fundamental defect occurred; (2) [he] is suffering from continuing consequences of the allegedly invalid conviction; (3) there was no remedy available at the time of trial; and (4) sound reasons exist for failing to seek relief earlier. Id. at *1; see also Mendoza v. United States, --- F.3d ---, 2012 WL 3117259, at *2 (3d Cir. June 28, 2012).

5

To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must satisfy both prongs of the Strickland test, showing that: (1) counsel's representation was objectively unreasonable; and (2) counsel's deficient performance was prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland, 466 U.S. at 668). In the context of cases involving defendants facing almost-certain deportation as a result of a guilty plea, the Supreme Court determined in Padilla that "counsel, in order to be constitutionally competent" under the first prong of the Strickland test "has an obligation to advise criminal defendants whether an offense to which they may plead guilty will result in removal from the United States." Orocio, 645 F.3d at 636 (citing Padilla, --- U.S. at ---, 130 S. Ct. at 1478).

Although Padilla did not address the second prong of the Strickland test in the context of criminal defendants facing deportation, the Third Circuit addressed the issue in its recent decision in Orocio, holding that "in order to satisfy the 'prejudice' requirement [of Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Orocio, 645 F.3d at 643 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Ultimately, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Id. (quoting Padilla, --- U.S. ---, 130 S.Ct. at 1485). The Third Circuit noted that "[f]or [an] alien defendant most concerned with remaining in the United States. . . it is not at all unreasonable to go to trial and risk a [lengthy]

6

sentence and guaranteed removal, but with the chance of acquittal and the right to remain in the United States, instead of pleading guilty to an offense that. . . carries 'presumptively mandatory' removal consequences." Id.

## III. Discussion

To successfully allege ineffective assistance of counsel by means of a petition for a writ of error *coram nobis*, Dwumaah must show that (1) a fundamental defect occurred; (2) he is suffering from continuing consequences of his conviction; (3) there was no remedy available at the time of trial; and (4) sound reasons exist for his failure to bring the present motion earlier. See Cabrera, 2011 WL 2784419, at *1. The court will address these requirements *in seriatim*.

### A. Fundamental Defect

It is well established that ineffective assistance of counsel may constitute a fundamental defect, and that the proper vehicle for defendants no longer in custody to allege such a fundamental defect is a petition for a writ of error *coram nobis*. United States v. Rad-O-Lite of Philadelphia, Inc., 612 F.2d 740, 744 (3d Cir. 1979). The court must now determine whether Dwumaah's allegations, if true, successfully posit ineffective assistance of counsel under the standards set forth in Padilla and Orocio. The answer depends, first, on whether Dwumaah's counsel failed to inform or misinformed Dwumaah concerning the likelihood of deportation if he pled guilty, and, second, on whether Dwumaah could have rationally chosen to proceed to trial rather than accept the plea bargain.

7

### 1. **First Prong of the Strickland Test**

For non-United States citizen aliens, a criminal conviction can lead to almost–certain deportation in certain circumstances. See 8 U.S.C. § 1227(a)(2). Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The length of a term of imprisonment may determine whether a felony is considered an aggravated felony. 8 U.S.C. § 1101(a)(43)(G) (defining aggravated felony to include "a theft offense. . . for which the term of imprisonment is at least one (1) year"). Additionally, under 8 U.S.C. § 1227(a)(3)(D)(i), "[a]ny alien who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under. . . any Federal or State law is deportable."

In the present case, Dwumaah suggests that he and his attorney were aware that a sentence of one year or greater in his case would render Dwumaah automatically deportable, and that he agreed to the plea bargain specifically to ensure his sentence was less than one year and avoid the possibility of deportation. (Doc. 40, at 8). In Dwumaah's Sentencing Memorandum (Doc. 40), he requests that the court "sentence him to less than 12 months, thereby allowing [him] to remain in the country. . . ." (Id.) Dwumaah claims that his attorney "told [him] that if [he] pled guilty to theft of public money [he] would not be deported. . . ." (Doc. 115, at 1). It is true that Dwumaah's plea bargain, and subsequent five month prison sentence, prevented him from being deported pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Nothing on the record suggests, however, that Dwumaah's counsel ever informed

him that a guilty plea to theft of public money could provide grounds for the DHS to allege, or for an immigration judge to find, that he was deportable under 8 U.S.C. § 1227(a)(3)(D)(i).[2]  The court finds that Dwumaah's allegations, if true, satisfy the first prong of the Strickland test.

### 2. Second Prong of the Strickland Test

A defendant who has satisfactorily alleged ineffective assistance of counsel due to a failure to inform that defendant of the likely consequences of a guilty plea can satisfactorily allege prejudice by "show[ing] that there is a reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial." Orocio, 645 F.3d at 643 (quoting Hill, 474 U.S. at 59).  This can be done by showing that the defendant could have made a rational decision to reject the plea bargain and proceed to trial had he not received ineffective assistance. Id. at 643–44.

In Orocio, the defendant faced removal following pleading guilty to a drug charge. Id. at 634.  Orocio entered into the plea bargain on the advice of his counsel, who did not inform him that his plea was likely to result in his removal from the United States. Id.  Orocio was sentenced to a term of imprisonment of time served and a two year term of supervised release whereas, if convicted at trial, he faced a prison sentence of ten years. Id.  The Third Circuit ruled that, despite the long jail term Orocio likely avoided by entering into a plea deal, Orocio could

---

[2] Unfortunately, the record contains little information concerning communications between Dwumaah and his Attorney John A. Abom, Esquire.

9

have rationally rejected the plea deal and decided instead to take his chances at trial.  Id. at 645.

The present case is similar.  Although the crime to which Dwumaah pleaded guilty did not of itself automatically qualify Dwumaah for deportation, it was likely from the inception of these proceedings that Dwumaah's plea, in light of his immigration status, could constitute significant evidence in favor of his classification as deportable.  The court finds that, had Dwumaah known this, he could have made a rational decision, like Orocio, to risk a lengthy jail term and deportation rather than to accept a plea deal that carried the likely consequence of deportation.

It is important to note that this case is distinguishable from the recent Third Circuit case Mendoza v. United States, --- F.3d ---, 2012 WL 2443034 (3d Cir. June 28, 2012).  In Mendoza, the Third Circuit affirmed the District of New Jersey's denial of a writ of error *coram nobis* to a defendant who alleged that his counsel failed to advise him of the deportation consequences of a guilty plea.  Id. at *1.  While explicitly finding that Mendoza could not obtain the writ because he had not demonstrated sound reasons for his failure to seek relief earlier,[3] the Third Circuit noted that, even had the motion been timely, Mendoza's "underlying efforts to withdraw his plea would almost certainly fail," in part because "Mendoza has not asserted his innocence. . . ."  Id. at *3.

---

[3] This issue will be further addressed, in regards to both the present case and Mendoza, in Section D infra.

10

Unlike Mendoza, however, Dwumaah has asserted his innocence from the inception of his collateral attack on his conviction in September, 2006. (Doc. 71). Dwumaah has contended on multiple instances that he pled guilty only to avoid the possibility of deportation. (See Id.; Doc. 40, at 8; Doc. 94; Doc. 114). Inasmuch as an assertion of innocence is required to withdraw a guilty plea, Dwumaah has emphatically made that assertion whereas Mendoza did not. See Mendoza, 2012 WL 2443034, at *3 (citing United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003)).

## B. Continuing Consequences of Conviction

It is undeniable that, even though Dwumaah has completed his sentence, he is facing continuing consequences arising from his guilty plea. The Supreme Court has explained that, "[a]lthough removal proceedings are civil in nature, deportation is nevertheless intimately related to the criminal process." Padilla, --- U.S. at ---, 130 S. Ct. at 1481. As such, Dwumaah's possibility of deportation is accurately described as a continuing consequence of conviction. Cabrera, 2011 WL 2784419, at *1 (citing Mashni v. United States, No. Civ. 05-3624, 2006 WL 208564, at *3 (D.N.J. Jan. 25, 2006)).

## C. No Remedy Available at Time of Trial

As a general rule, claims of ineffective assistance of counsel may only be heard on collateral review. Id.; see also United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998). Such claims are usually unavailable at trial or on direct appeal. Haywood, 155 F.3d at 678. Dwumaah's petition for writ of error *coram nobis* is based on his allegations that he received ineffective assistance of counsel.

11

Therefore, Dwumaah, who did not go to trial, had no available remedy for his particular claim before this stage of proceedings.

### D. **Reasons for Failure to Bring Motion Earlier**

The final showing that must be made to succeed on a petition for a writ of error *coram nobis* is that the defendant had sound reasons for not bringing the claim earlier. Cabrera, 2011 WL 2784419, at *1. In Cabrera, a District of New Jersey case with facts very similar to those of the present case, the Court gave only a cursory explanation of how the defendant had satisfied this requirement, noting that "because [Cabrera's] primary argument relies on the Supreme Court's March 31, 2010 Padilla decision, she has a sound reason for failing to seek relief earlier" than the middle of 2010. Id. Following the same logic, Dwumaah appears to have a sound reason as well, as his argument relies on both Padilla and the Third Circuit's June 29, 2010 Orocio decision. (Doc. 114). In light of the Third Circuit's recent decision in Mendoza, however, denying a petition similar to that in the present case because of the defendant's failure to make this particular showing, more explanation is warranted.

In Mendoza, the defendant "became aware of his plea's deportation consequences in September 2006," but did not allege ineffective assistance of counsel until 2010. Id. at *2. The Third Circuit found Mendoza's contention that he could have known his counsel was ineffective after the Supreme Court decided Padilla to not constitute a "sound reason" for the four year delay. Id.

12

The present case is distinguishable. Dwumaah is not claiming that he was only able to determine his counsel was ineffective because of the Padilla and Orocio decisions. On the contrary, he is claiming that, when the court refused to grant relief based on his prior claims of ineffective assistance of counsel, it did so under the Nino standard, which the Third Circuit determined "is no longer good law" in its opinion in Orocio. Orocio, 645 F.3d at 644.

Ultimately, the court finds that Dwumaah has shown sound reasons for bringing this petition when he did, that is, shortly after the Third Circuit decided Orocio.

## IV.   Conclusion

Dwumaah, inasmuch as his allegations, if assumed to be true, satisfy both prongs of the Strickland test, has successfully alleged ineffective assistance of counsel. Therefore, his petition is legally sufficient for this court to proceed to an evidentiary hearing to determine the truth of his allegations and ultimately decide whether to issue a writ of error *coram nobis*. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      August 20, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0157** |
| v. | : | **(Judge Conner)** |
| **KWAME DWUMAAH**, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 20th day of August, 2012, upon consideration of the petition for writ of error *coram nobis* (Doc. 114) filed by Kwame Dwumaah, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that

1. The court will conduct an evidentiary hearing on the writ of error *coram nobis* addressing whether counsel provided ineffective assistance of counsel under the Strickland standard, as informed by the United States Supreme Court case of Padilla v. Kentucky, --- U.S. ---, 130 S.Ct. 1473 (2010), and the Third Circuit case of United States v. Orocio, 645 F.3d 630 (3d. Cir. 2011).

2. A scheduling order shall issue by future order of the court.

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge